IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ANTHONY UPCHURCH, #50878163 | § | |
| | § | CIVIL ACTION NO. 2:20cv153 |
| VS. | § | |
| | § | |
| CASS COUNTY JAIL, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Upchurch, a former inmate confined within the Cass County Jail proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

For reasons explained below, the Court recommends that the case be dismissed with prejudice.

**I. Upchurch's Amended Complaint**

The operative pleading in this lawsuit is Upchurch's amended complaint, (Dkt. #7). An amended complaint entirely supersedes and takes the place of an original complaint unless the amended complaint specifically refers to an adopts or incorporates by reference the earlier pleading. *See Clark v. Tarrant Cnty., Tx.*, 798 F.2d 736, 740 (5th Cir. 1986).

Upchurch states that Defendant Rowe, Sheriff, supervised Defendant Churchman, Captain of the Jail, who denied him an eye exam. He also states that Defendant Green, MD, issued a "diagnosis without being specialized," which caused pain and suffering and indifference to his medical needs. He explains that he indicated that he could not see, and that the "lack of corrective lenses" causes him to suffer from migraines, eye strain, and the inability to see. Upchurch asserts

1

that the contractor at the Jail told him that "they didn't do glasses," and that an "eye doctor can be recommended by a medical doctor"—even though he explained during his exam that he was suffering. He notes that he received a NSAID prescription for pain "during a trip to medical," but there was no relief, (Dkt. #7-1, pg. 7). Upchurch states that staff at the jail indicated that "this county will not let an incarcerated person to see a specialist or eye doctor."

Upchurch elaborates further, asserting that he visited the medical servicer at the Jail. He was diagnosed with a "varicocele," which caused him to have a sharp pain in his right testicle many times per day. Defendant Green "failed to offer any solution for the pain," and a few months later, he attended medical again. The doctor diagnosed him based solely on "a visual and futile [sic] exam," which was "contrary to the one made by a urologist." Upchurch insists that the "contractor" did not obtain medical records and diagnosed him without further testing.

He attached his medical records to his complaint. The first record shows that Defendant Green, M.D, refilled his prescriptions in February 2020 for major depressive disorder, (Dkt. #7-2, pg. 10). The second record indicates that Upchurch presented Defendant Green a lump on his testicle in May 2020, and an examination was performed. Defendant Green noted that it was most likely a cyst and benign—and that he did not recommend surgery at the time. He further noted that Upchurch should wear undergarments that give him adequate support but that are not too tight—also recommended a NSAID for pain and swelling when it occurs, (Dkt. #7-2, pg. 15-16).

Upshur further attached a letter from the Texas Commission of Jail Standards addressed to him regarding his complaints over corrective lenses. The Complaint Inspector informed him that "Cass County will not pay for an inmate to have an eye exam unless it is recommended by the physician," (Dkt. #1-1, pg. 12).

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Tex.*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows

3

the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**III. Discussion and Analysis**

The Court understands that Upchurch maintains that Defendants acted with deliberate indifference to his serious medical needs through lack of eyeglasses and his lump on his testicle. However, his pleadings show that he failed to state a claim upon which relief may be granted.

As an initial matter, Upchurch failed to comply with a Court order. This Court ordered him to file either submit the requisite $400.00 filing fee or an application for leave to proceed *in forma pauperis*—with an attached certified *in forma pauperis* data sheet or equivalent from the jail, (Dkt. #4). The order specifically warned him that the failure to comply may result in the dismissal of his lawsuit. A review of the docket illustrates that Upchurch received a copy of the order; while he

filed a motion for leave to proceed *in forma pauperis*, (Dkt. #8), he did not attach a data sheet, trust fund account statement, or equivalent from the Jail.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Upchurch's failure to submit a data sheet, trust fund account statement, or equivalent from the Jail demonstrates his failure to comply with an order of the Court. Accordingly, the Court has the inherent power to dismiss his lawsuit for that reason alone.

Nonetheless, the constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc); *see also Estate of Henson v. Krajca*, 440 F. App'x 341, 343 (5th Cir. 2011) ("The Fourteenth Amendment requires that state officials not disregard the 'basic human needs' of pretrial detainees, including medical care."). As the United States Supreme Court outlined:

> when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). In the jurisdiction of the Fifth Circuit, "the legal standard used to measure the due process rights of pretrial detainees

depends on whether the detainee challenges the constitutionality of a condition of his confinement or whether he challenges an episodic act or omission of an individual state official." *Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 462 (5th Cir. 2015).

The Fourteenth Amendment guarantees pretrial detainees a right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)). To succeed, Upchurch must demonstrate that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official actually drew that inference. *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

It is well-settled that mere disagreement with medical treatment provided is insufficient to show deliberate indifference. *See Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018); *Stewart v. Murphy*, 174 F.3d 530, 533-34 (5th Cir. 1999). The decision whether to provide additional treatment is a classic example of medical judgment, which likewise does not give rise to deliberate indifference. *Dyer*, 964 F.3d at 381; *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Similarly, mere negligence—or even gross negligence—does not constitute deliberate indifference. *Thompson*, 245 F.3d at 458-59.

Here, Upchurch's pleadings and attachments show his mere disagreement with his medical treatment provided at the Jail. He admits that an exam was performed and that he was prescribed a NSAID for pain given his migraines stemming from his eye. He explains that an eye doctor "can be recommended by a medical doctor." Given Upshur's admission that he was evaluated for his migraines and still complains of the lack of an eye doctor—along with the letter explaining that the County will not pay for an eye exam unless recommended by a doctor—it stands to reason that

he is complaining that Defendants and/or jail officials would not recommend him for an eye exam or refer him to an eye specialist. This lack of additional treatment or the refusal to refer him to a medical specialist does not give rise to deliberate indifference. *See Blank v. Bell*, 634 F. App'x 445, 449 (5th Cir. 2016) ("Blank's allegation he should have been seen by a specialist amounts to disagreement about his course of medical treatment or negligence, which, again, is not actionable."). To the extent Upchurch asserts that the County's policies regarding eye exams and eyeglass constitute deliberate indifference, such claim likewise fails. *See Burger v. Stalder*, 54 F. App'x 793 (5th Cir. 2002) ("An inmate's disagreement with treatment policy, however, does not establish deliberate indifference.").

Defendant Green further evaluated and treated Upshur for a cyst on his testicle—providing pain relief and recommending undergarments that are not too tight. Upchurch's complaints that Defendant Green merely performed a "visual exam" illustrates Upchurch's mere disagreement with the medical care provided. While Upchurch disagrees with Defendant Green's diagnosis and complains that it differed from a different doctor's assessment, such does not constitute deliberate indifference. *See Stewart*, 174 F.3d at 535 (the decision not to prescribe treatment recommended by an outside physician does not amount to deliberate indifference). Upchurch's articulated facts and attachments do not give rise to deliberate indifference and, consequently, his lawsuit should be dismissed with prejudice for the failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Accordingly, it is recommended Plaintiff Upchurch's civil rights lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 17th day of May, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE